UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON GOODWILL,

        Petitioner,

v.

                                      Case No. 23-cv-601-pp

WARDEN,

        Respondent.

---

**ORDER REQUIRING PETITIONER TO REFILE USING COURT'S FORM AND REQUIRING PETITIONER TO PAY FILING FEE OR FILE MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE**

---

        On April 10, 2023, the District Court for the Eastern District of Michigan received from the petitioner—who is representing himself—a petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Michigan. Goodwill v. Warden, 4:23-cv-10811-SDK-APP (E.D. Mich). On May 9, 2023, observing that the petitioner was incarcerated at New Lisbon Correctional Institution in Sheboygan, Wisconsin, United States District Judge Shalina D. Kumar ordered the case to be transferred to this district under 28 U.S.C. §2241(d). Dkt. No. 2.

        Under Rule 4 of the Rules Governing §2254 cases, this court must "screen"—review—the petition and exhibits to determine whether the petitioner has alleged that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Civil Local Rule 9(a) of the Eastern District of Wisconsin provides that "[a]ll persons applying or

1

petitioning for release from custody under . . . 28 U.S.C. §2254 . . . must file their . . . petition . . . with the Clerk of Court using forms available from the Court." There is a reason for this rule. The court's form guides a petitioner to provide the information that the court needs to evaluate the request for *habeas* relief and to determine whether the petitioner qualifies for that relief. Because the petitioner filed his petition in the Eastern District of Michigan, he did not prepare his petition using this court's form.

A district court may entertain a petition under §2254 only if it is filed by a person in custody under a judgment of a state court. 28 U.S.C. §2254. Because the petitioner did not use the court's form, the court cannot determine whether the petitioner is a person in custody under a judgment of a state court.[1] The petition does not make clear the case name and number of the case which resulted in the petitioner being incarcerated. The court cannot determine from the petition whether the petitioner has exhausted his state remedies, or even what relief the petitioner is requesting (he mentions on the first page of the petition an "order for federal protection," which is not relief that a federal court can grant through a *habeas* petition, dkt. no. 1 at 1).

If the petitioner wishes to continue with this *habeas* case, he must file an amended petition using the Eastern District of Wisconsin form. The court is

---

[1] It appears the petitioner may not be in custody. The petition states that on February 20, 2023, the petitioner was notified by a Wisconsin Department of Corrections social worker that he was going to be released on May 9, 2023. Dkt. No. 1 at ¶8, page 6. The Wisconsin Department of Corrections locator website indicates that on May 9, 2023—the same day Judge Kumar transferred the case to this court—the petitioner was released on extended supervision. https://appsdoc.wi.gov/lop/details/detail.

2

including with this order a blank copy of the form and the guide for completing it. The petitioner must write the word "Amended" in the middle of the first page of the form, in front of the words "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody." He must put the case number—23-cv-601—in the space next to the words "Docket No." on the first page. If he remains incarcerated, he must put the name of the institution where he is incarcerated, and he must list as the "Respondent" the warden or superintendent or other official who has custody of hm. If the petitioner is not in custody, he must list his current address and phone number. He must fill out all the sections of the petition. The petitioner must file the amended petition by the deadline the court sets below.

There is $5.00 filing fee for filing a *habeas* petition. The court cannot tell whether the petitioner paid the filing fee when he filed the petition in Michigan. If he did, he must provide this court with a copy of his receipt or some evidence that he has paid the filing fee. If the petitioner did not pay the $5.00 filing fee with the court in Michigan, he must pay that fee to this court before he can proceed. In addition to filing his amended petition by the deadline below, the petitioner either must provide this court with proof that he paid the $5.00 filing fee in the Michigan federal court or he must pay that $5.00 filing fee to the clerk of court for this Wisconsin federal court.

The court **ORDERS** that if the petitioner wishes to proceed with this case, then in time for the court to *receive* them by the end of the day on **August 11, 2023**, the petitioner must (a) file an amended petition on the form the

3

court is providing with this order, and (b) either provide the court with proof that he paid the $5.00 filing fee in the Michigan federal court or pay the filing fee to the clerk's office for this Wisconsin court. If the court does not receive both an amended complaint on this court's form *and* either proof that the petitioner has paid the filing fee or the $5.00 filing fee itself by the end of the day on August 11, 2023, the court will dismiss the petition on the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 7th day of July, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**